IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50852
Summary Calendar
_____


LARRY JOE JONES,

                                        Plaintiff-Appellant,

versus

RONALD URBANOVSKY, Sheriff;
LOU LOURCEY; SHAWN ELDRIDGE, Jailer,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-94-CV-697
- - - - - - - - - -

January 20, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Larry Joe Jones, Texas prisoner # 621238, has filed an

application for leave to proceed in forma pauperis (IFP) on

appeal, following a jury verdict for some defendants and the

district court's grant of summary judgment and judgment as a

matter of law for other defendants in this 42 U.S.C. § 1983

action.  By moving for IFP, Jones is challenging the district

court's certification that IFP should not be granted on appeal

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because his appeal presents no nonfrivolous issues.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Jones argues that the jury erroneously concluded that the defendants did not cause him to suffer cruel and unusual punishment in violation of the Eighth Amendment.  Jones is contesting the jury's credibility decisions.  This court will not disturb the credibility determinations of the factfinder, here the jury, on appeal.  See Williams v. Fab-Con, Inc., 990 F.2d 228, 230 (5th Cir. 1993); Martin v. Thomas, 973 F.2d 449, 453 n.3 (5th Cir. 1992).

Jones argues that he was unable to present his best case to the jury because the district court denied his requests for appointment of counsel.  Jones contends that the district court erroneously denied his requests for appointment of counsel.  He alleges that he demonstrated that he was incompetent to represent himself at trial and that the case was sufficiently complex to require appointment of counsel.  The district court did not abuse its discretion in denying Jones' motion for appointment of counsel.  Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).

Jones also argues that the district court erred by dismissing his claims against Eldridge and Dr. Stigler.  Jones has not adequately briefed his arguments relating to the district court's grant of judgment as a matter of law for Eldridge or the district court's grant of summary judgment for Dr. Stigler.  See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); Fed. R. App. P. 28(a)(4); 5th Cir. R. 28.2.3.

Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues. Jones' request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

We caution Jones that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Jones is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.